PÉREZ, DEMANDANTE Y APELADO, *v.* SOTO ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente. de la Corte de Distrito de Mayagüez en un caso sobre cobro de cantidad de dinero.

No. 1006.—Resuelto en abril 6, 1914.

DESESTIMACIÓN DE APELACIÓN—SUSTITUCIÓN DE PARTES—INTERPOSICIÓN DE APELACIÓN POR UN HEREDERO.—Debe desestimarse. una apelación interpuesta por un heredero que no ha sido debidamente declarado parte en el pleito en sustitución del causante contra quien se dictó la sentencia apelada.

Los hechos están expresados en la opinión.
Abogado del apelado: *Sr. Alfredo Arnaldo Sevilla.*
Abogado del apelante, Pedro M. Alvarez: *Sr. José Benet.*
EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.
Se inició esta acción ante la Corte Municipal de Añasco reclamando a los demandados la cantidad de $500. Según expresa la demanda los demandados Teresa Soto y José Gerardo Vélez constituían la sucesión testada de León N. Gardere, la primera como viuda y heredera usufructuaria y el segundo como heredero testamentario de todos los bienes. La causa de acción surgió con motivo de la cesión hecha al demandante por José Gerardo Vélez de una obligación de $500, otorgada por León N. Gardere al expresado Vélez en concepto de dinero tomado a préstamo. De modo que el demandante Pérez reclamaba a Vélez y a Teresa Soto el importe de dicha obligación como herederos del deudor Gardere. La demandada Teresa Soto compareció por medio de abogado e interpuso excepciones previas a la demanda que fueron decla

radas sin lugar y posteriormente contestó la demanda ne-
gando las alegaciones más esenciales de la misma, pero admi-
tiendo que ella y el otro codemandado habían aceptado la
herencia de León N. Gardere sin limitación alguna y alegó
también otras defensas.   En marzo 11, 1913, la corte munici-
pal dictó sentencia condenando a ambos demandados a pagar
al demandante la suma de $500, sin expresarse si solidaria
o mancomunadamente.   Contra esta sentencia el abogado de
Teresa Soto interpuso apelación para ante la Corte de Dis-
trito de Mayagüez como abogado de record de dicha deman-
dada y a nombre de Pedro María Alvarez, quien según el
escrito de apelación era heredero testamentario de dicha de-
mandada la cual había fallecido y era, de acuerdo con dicho
escrito, la parte a quien afectaba la referida sentencia.   En
el escrito de apelación no se expresa de modo alguno la fecha
en que falleció Teresa Soto, ni existe ninguna constancia en
autos con respecto a la substitución en la corte municipal
de Teresa Soto por Pedro María Alvarez como heredero
testamentario de ella, ni tampoco ninguna prueba de que se
hubiera practicado allí alguna gestión para anular la mencio-
nada sentencia con motivo de la muerte de Teresa Soto.   En
realidad ella falleció el día antes de dictarse la sentencia.   El
mismo abogado compareciendo a nombre de Pedro María Al-
varez presentó una moción a la Corte de Distrito de Mayagüez
en representación de éste solicitando que fueran anuladas
todas las actuaciones habidas en la corte municipal por falta
de jurisdicción, acompañando a dicha moción una certifica-
ción de defunción.   La referida moción fué desestimada por
el fundamento de que habiendo tenido lugar el juicio en la
corte municipal en vida de la demandada, tenía la corte juris-
dicción para dictar sentencia contra ella.   Entonces el mismo
abogado leyó a la corte varias excepciones previas que habían
sido formuladas en la corte municipal, las cuales fueron decla-
radas sin lugar por la corte de distrito.   Se procedió a la cele-

bración del juicio, continuando tomando parte en el mismo el expresado abogado. . La corte dictó sentencia contra los demandados Teresa Soto y José Gerardo Vélez. El abogado interpuso apelación contra la sentencia así dictada contra ambos demandados únicamente a nombre de Pedro María Alvarez.

Debe desestimarse la apelación por haberse dictado la sentencia contra ambos demandados, Teresa Soto y José Gerardo Vélez sin haber sido interpuesta la apelación por ninguno de éstos, ni haberse probado de modo suficiente que Pedro María Alvarez hubiera substituído a Teresa Soto o se le reconociera como parte demandada en la corte inferior. Por el contrario, la corte consideró el caso como una apelación interpuesta por Teresa Soto o por los primitivos demandados como representantes de los bienes dejados por León N. Gardere. Aunque el abogado expresa en su alegato que hizo una moción en la corte de distrito a nombre de Pedro María Alvarez para que se le tuviera como parte substituta, no existe ninguna prueba en cuanto a este extremo. Sería mejor práctica hacer una moción por escrito. De todos modos la sentencia fué dictada contra Vélez y Teresa Soto contra cuya sentencia el mencionado Pedro María Alvarez aun en el supuesto de ser él dicho heredero testamentario como se ha alegado, no tiene derecho a interponer apelación sin que haya sido declarado formalmente como tal sustituto.

Debe desestimarse la apelación.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.